TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAVID Y. PI (Cal. Bar No. 337432)
Assistant United States Attorney
General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3659
     Facsimile: (213) 894-6269
     E-mail:   david.pi@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>DAVID KHACHO,<br><br>       Defendant. | No. 21-CR-146-VAP-3<br><br><u>PLEA AGREEMENT FOR DEFENDANT</u><br><u>DAVID KHACHO</u> |

1.   This constitutes the plea agreement between DAVID KHACHO ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the indictment in <u>United States v. James et al.</u>, CR No. 21-146-VAP-3,


02/07/2022

1  which charges defendant with assault resulting in serious bodily

2  injury, in violation of 18 U.S.C. § 113(a)(6).

3        b.   Not contest facts agreed to in this agreement.

4        c.   Abide by all agreements regarding sentencing contained

5  in this agreement.

6        d.   Appear for all court appearances, surrender as ordered

7  for service of sentence, obey all conditions of any bond, and obey

8  any other ongoing court order in this matter.

9        e.   Not commit any crime; however, offenses that would be

10  excluded for sentencing purposes under United States Sentencing

11  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

12  within the scope of this agreement.

13        f.   Be truthful at all times with the United States

14  Probation and Pretrial Services Office and the Court.

15        g.   Pay the applicable special assessment at or before the

16  time of sentencing unless defendant has demonstrated a lack of

17  ability to pay such assessments.

18  <u>THE USAO'S OBLIGATIONS</u>

19     3.   The USAO agrees to:

20        a.   Not contest facts agreed to in this agreement.

21        b.   Abide by all agreements regarding sentencing contained

22  in this agreement.

23        c.   At the time of sentencing, provided that defendant

24  demonstrates an acceptance of responsibility for the offense up to

25  and including the time of sentencing, recommend a two-level reduction

26  in the applicable Sentencing Guidelines offense level, pursuant to

27  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

28  additional one-level reduction if available under that section.

d.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 16 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in count one, that is, assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6), the following must be true: (1) defendant assaulted inmate "F.F." by intentionally striking him; (2) as a result, F.F. suffered serious bodily injury; and (3) the assault took place at Lompoc Federal Correctional Institution, which is in the Federal Territorial Jurisdiction of the United States.

## PENALTIES

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 113(a)(6), is: 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may

order restitution to persons other than the victim of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

10.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On November 4, 2020, defendant assaulted victim F.F. at Federal Correctional Institution ("FCI") Lompoc, in Lompoc, California, which is in the Federal Territorial Jurisdiction of the United States and located in Santa Barbara County, within the Central District of California.  The defendant and F.F. were inmates in the same housing unit ("Unit F") of FCI Lompoc during the relevant events.  Just prior

1 | to the assault, F.F. and defendant were standing and talking near a
2 | table in the common area of Unit F.  Suddenly, and without
3 | provocation, defendant punched F.F. in the head, causing him to fall
4 | to the ground.  Defendant then repeatedly and intentionally struck
5 | F.F. on the body and head as he was lying motionless on his back.
6 | The attack lasted around thirty seconds, during which time defendant
7 | struck F.F. dozens of times.

8 | As a result of the assault, F.F. was taken to Marian Regional
9 | Medical Center by ambulance, where he was hospitalized for
10 | approximately three weeks.  He suffered multiple blunt force injuries
11 | to the head, face, mouth, extremities, and core.  In photographs
12 | taken shortly after the assault, F.F.'s face appeared significantly
13 | disfigured and bloody, depicting swollen lips and eyes that are
14 | swollen shut.  As a result of the attack, F.F. was diagnosed with a
15 | closed head injury, altered level of consciousness, facial trauma,
16 | multiple nasal fractures, multiple fractured teeth, and multiple
17 | facial contusions.  F.F. also suffered prolonged impairment of his
18 | mental faculties, required speech therapy after discharge, and
19 | required assistance to walk.  Accordingly, defendant's assault of
20 | F.F. caused F.F. seriously bodily injury, including a substantial
21 | risk of death, extreme physical pain, protracted and obvious
22 | disfigurement, and protracted loss or impairment of the function of
23 | his mental faculties.

24 | SENTENCING FACTORS

25 | 11.  Defendant understands that in determining defendant's
26 | sentence the Court is required to calculate the applicable Sentencing
27 | Guidelines range and to consider that range, possible departures
28 | under the Sentencing Guidelines, and the other sentencing factors set

6

forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 14 | U.S.S.G. § 2A2.2(a) |
| Specific Offense Characteristics for Serious Bodily Injury: | 5 | U.S.S.G. § 2A2.2(b)(3)(B) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

1

WAIVER OF CONSTITUTIONAL RIGHTS

2    15.  Defendant understands that by pleading guilty, defendant

3 gives up the following rights:

4          a.   The right to persist in a plea of not guilty.

5          b.   The right to a speedy and public trial by jury.

6          c.   The right to be represented by counsel -- and if

7 necessary have the Court appoint counsel -- at trial.  Defendant

8 understands, however, that, defendant retains the right to be

9 represented by counsel -- and if necessary have the Court appoint

10 counsel -- at every other stage of the proceeding.

11          d.   The right to be presumed innocent and to have the

12 burden of proof placed on the government to prove defendant guilty

13 beyond a reasonable doubt.

14          e.   The right to confront and cross-examine witnesses

15 against defendant.

16          f.   The right to testify and to present evidence in

17 opposition to the charges, including the right to compel the

18 attendance of witnesses to testify.

19          g.   The right not to be compelled to testify, and, if

20 defendant chose not to testify or present evidence, to have that

21 choice not be used against defendant.

22          h.   Any and all rights to pursue any affirmative defenses,

23 Fourth Amendment or Fifth Amendment claims, and other pretrial

24 motions that have been filed or could be filed.

25

WAIVER OF APPEAL OF CONVICTION

26    16.  Defendant understands that, with the exception of an appeal

27 based on a claim that defendant's guilty plea was involuntary, by

28 pleading guilty defendant is waiving and giving up any right to

8

appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

AND WAIVER OF COLLATERAL ATTACK

17.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within or below the range corresponding to an offense level of 16 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a

1  post-conviction collateral attack based on a claim of ineffective

2  assistance of counsel, a claim of newly discovered evidence, or an

3  explicitly retroactive change in the applicable Sentencing

4  Guidelines, sentencing statutes, or statutes of conviction.

5  Defendant understands that this waiver includes, but is not limited

6  to, arguments that the statute to which defendant is pleading guilty

7  is unconstitutional, and any and all claims that the statement of

8  facts provided herein is insufficient to support defendant's plea of

9  guilty.

10      19.  The USAO agrees that, provided (a) all portions of the

11  sentence are at or below the statutory maximum specified above and

12  (b) the Court imposes a term of imprisonment within or above the

13  range corresponding to an offense level of 16 and the criminal

14  history category calculated by the Court, the USAO gives up its right

15  to appeal any portion of the sentence, with the exception that the

16  USAO reserves the right to appeal the amount of restitution ordered.

17                RESULT OF WITHDRAWAL OF GUILTY PLEA

18      20.  Defendant agrees that if, after entering a guilty plea

19  pursuant to this agreement, defendant seeks to withdraw and succeeds

20  in withdrawing defendant's guilty plea on any basis other than a

21  claim and finding that entry into this plea agreement was

22  involuntary, then the USAO will be relieved of all of its obligations

23  under this agreement.

24                  EFFECTIVE DATE OF AGREEMENT

25      21.  This agreement is effective upon signature and execution of

26  all required certifications by defendant, defendant's counsel, and an

27  Assistant United States Attorney.

28

BREACH OF AGREEMENT

22.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

23.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the

11

Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 12 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

25.  Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty plea, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be within
the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

26.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

12

1      PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          27.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     United States Attorney

9

10   _David Pi_____          2/10/22
                                             _____
     DAVID Y. PI                             Date
11   Assistant United States Attorney

12   _____           2/9/22
                                             _____
     DAVID KHACHO                            Date
13   Defendant

14   _____           2/9/22
                                             _____
     PETER C. SWARTH                         Date
15   Attorney for Defendant
     DAVID KHACHO.

16

17

18

19

20

21

22

23

24

25

26

27

28

                                13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          2 / 9 / 22
DAVID KHACHO                              Date
Defendant

14

1            <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2      I am DAVID KHACHO's attorney.  I have carefully and thoroughly

3  discussed every part of this agreement with my client.  Further, I

4  have fully advised my client of his rights, of possible pretrial

5  motions that might be filed, of possible defenses that might be

6  asserted either prior to or at trial, of the sentencing factors set

7  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8  provisions, and of the consequences of entering into this agreement.

9  To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the factual basis set

14 forth in this agreement is sufficient to support my client's entry of

15 a guilty plea pursuant to this agreement.

16

17 PETER C. SWARTH                              Date 2/9/2022

    Attorney for Defendant

18 DAVID KHACHO

15